NOT DESIGNATED FOR PUBLICATION

No. 121,755

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BOBBY BRUCE WHITE,
*Appellant*,

v.

STATE OF KANSAS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed May 22, 2020. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

No appearance by appellees.

Before ARNOLD-BURGER, C.J., WARNER, J., and LAHEY, S.J.

PER CURIAM: Bobby Bruce White appeals the district court's summary dismissal of his K.S.A. 60-1507 motion for improper venue. Because the district court erred by dismissing the motion instead of transferring it to the proper venue, we reverse and remand with directions that the district court transfer the case to Butler County.

In 2003 and again after a retrial in 2005, a jury in Butler County convicted White of intentional first-degree murder. After pursuing an unsuccessful direct appeal from his retrial, White sought habeas relief in state and federal court, also without success. See

1

*State v. White*, 284 Kan. 333, 336-37, 161 P.3d 208 (2007); *White v. State*, No. 116,684, 2017 WL 4848559, at *1 (Kan. App. 2017) (unpublished opinion).

On May 31, 2019, White filed a pro se petition for writ of habeas corpus in Leavenworth County District Court. At the time, White was incarcerated at Lansing Correctional Facility in Leavenworth County. His petition identified the statutory basis for his claims as K.S.A. 60-1501 and K.S.A. 75-764. In a check-the-box order filed June 10, 2019, the district court construed the petition as seeking relief under K.S.A. 60-1507 and summarily dismissed the petition without prejudice for improper venue, holding: "VENUE FOR MOTION PURSUANT TO KSA 60-1507 IS IN THE COUNTY OF CONVICTION, WHICH IN THIS CASE IS BUTLER COUNTY, KANSAS." White timely appealed, and the district court appointed counsel to represent him on appeal.

On appeal, White concedes that his petition sought relief available under K.S.A. 60-1507 and that the Leavenworth County District Court lacked jurisdiction over his petition. We agree. Because White was sentenced in Butler County, he must seek relief available under K.S.A. 60-1507 in Butler County. See K.S.A. 2019 Supp. 60-1507(a). The sole issue White argues is that the district court erred by dismissing his petition instead of transferring the case to Butler County. He does not ask this court to determine the merits of his petition, only to order the case transferred to Butler County District Court. Neither appellee has filed an appellate brief.

Multiple unpublished opinions of our court have addressed dismissal of a habeas petition filed in the wrong county. Some panels have upheld dismissal as an appropriate remedy; others have found the proper remedy to be transferring venue to the proper jurisdiction. We find the proper remedy to be transfer of venue, in part, because it serves the interests of administrative and judicial economy. Additionally, K.S.A. 60-611 requires in civil cases: "If an action is commenced in good faith and a subsequent timely objection to the venue is sustained, . . . the action shall be transferred to a court of proper

2

jurisdiction of any county of proper venue." Here, although the State did not lodge an objection to venue, the district court raised the issue sua sponte. We view the district court's sua sponte intervention to be its objection to venue, and we therefore find the provisions of K.S.A. 60-611 applicable.

When the Leavenworth County District Court determined that White's petition sought relief available only under K.S.A. 2019 Supp. 60-1507, it should have transferred the case to the proper venue—recognized by the district court in its order to be Butler County. Such a transfer serves the interests of administrative and judicial economy and complies with K.S.A. 60-611. Accordingly, we reverse the dismissal and remand with directions to transfer the case to the Butler County District Court.

Reversed and remanded with directions.